**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Wheeling**

**JAMES TYRELL LUCAS,**

        Plaintiff,

**v.**                                **Civil Action No. 5:21-cv-194**
                                         Judge Bailey

**RSAT PROGRAM, et al.,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Introduction

On November 19, 2021, James Tyrell Lucas, a West Virginia inmate incarcerated at St. Marys Correctional Center (SMCC), filed this Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [Doc. 1] together with a Motion for Leave to Proceed *in forma pauperis*. [Doc. 2]. On that same date, the Clerk of Court sent the plaintiff a Notice of Deficient Pleading which notified that he must file ledger sheets within 21 days. To date, more than 60 days later, the plaintiff has not complied.  Despite this fact, the undersigned has undertaken an initial review of the complaint, and for the reason discussed below, is recommending that this case be dismissed with prejudice.

### II.  The Complaint

The plaintiff indicates that he was previously incarcerated at the South Central Regional Jail where, on April 13, 2021, he alleges he was brutally assaulted by other inmates and left legally blind in one eye. The plaintiff further alleges that after being moved to SMCC, a few inmates in the RSAT Program and on the prison yard are making threats

1

against him. The plaintiff acknowledges that he has not yet been injured at SMCC but alleges that his life and freedom are in jeopardy.  For relief, he wants "to be compensated for pain and suffering and mental and emotional distress on [him] and his family and a full [pardon]." [Doc. 1 at 9].

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are  "clearly baseless."  See Neitzke at 327 and Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  However, in Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a

2

case should be dismissed for failure to state a claim upon which relief can be granted if,

viewing the well-pleaded allegations in the complaint as true and in the light most favorable

to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that

is plausible on its face." While the complaint need not assert "detailed factual allegations."

it must contain "more than labels and conclusions" or a "formulaic recitation of the elements

of a cause of action." Id. at 555.

## V. Analysis

The Prison Litigation Reform Act (PLRA) of 1996, placed an important limitation

upon all actions arising from incarceration, requiring proof of "physical injury" arising from

the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e) no recovery of

monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined
> in a jail, prison, or other correctional facility, for mental or
> emotional injury suffered while in custody without a prior
> showing of physical injury.

Here, the Plaintiff is seeking monetary damages. However, he has failed to allege that he

suffered from any physical injuries as the result of the events he describes as taking place

at SMCC.[1]   Furthermore, it is clear that this Court is without the authority to grant the

plaintiff a pardon.

## VI. Recommendation

---

[1]To the extent the plaintiff alleges that he was assaulted at the South Central Regional
Jail, the same is located in Charleston, West Virginia.  The undersigned notes that the plaintiff
filed a complaint in the United States District Court for the Southern District of West Virginia on
August 16, 2021, concerning that assault and seeking damages.  That complaint remains
pending. See 2:21-cv-00456, available on PACER.

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint, be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e) because he has no chance of success at receiving the relief requested. In addition, the undersigned recommends that the plaintiff's Motion ro proceed IFP [**Doc. 2**] be **DENIED AS MOOT**.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: January 19, 2022

/s James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE